UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Trevor Teagarden,                      Case No. 3:14-cv-00647

         Plaintiff

   v.                                      MEMORANDUM
                                           OPINION & ORDER

John Coleman, et al.,

             Defendants

       Plaintiff Trevor Teagarden has filed a motion for a temporary restraining order without prior notice[1] and a preliminary injunction against the Defendants, (Doc. No. 20), as well as a motion for a 90-day extension of time to respond to the Defendants' motion to dismiss his complaint for lack of prosecution. (Doc. No. 21). Teagarden asserts he is entitled to a temporary restraining order because the sergeant on his unit at the Pickaway Correctional Institution confiscated Teagarden's legal paperwork and legal property, and has not returned those items. (Doc. No. 20 at 2). Teagarden seeks an extension for time for the same reason. (Doc. No. 21 at 1). For the reasons stated below, Teagarden's motion for a temporary restraining order and preliminary injunction is denied, and his motion for an extension of time is granted in part and denied in part.

       Before issuing a temporary restraining order pursuant to Rule 65, a court must consider

> (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction.

---

[1] Teagarden did not file his motion *ex parte* and thus the Defendants have received electronic notice of his motion.

*Goodman v. Money*, 180 F. Supp. 2d 946, 947 (N.D. Ohio 2001) (citing *Mich. State ALF-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997)). Teagarden fails to show any of these factors weigh in his favor.

Teagarden fails to show a likelihood of success on the merits. As an initial matter, it is important to note that Teagarden's motion for a temporary restraining order essentially seeks to litigate a collateral issue to his case. He did not initiate a new action seeking to reverse an allegedly-unconstitutional policy concerning his legal documents. Instead, Teagarden's complaint asserts claims under 42 U.S.C. § 1983, and he alleges the Defendants are interfering with his ability to prosecute this case, as well as several other cases. Thus, for the purposes of this motion, the "merits" of Teagarden's claim concern whether the Defendants' conduct interferes with his right to access to the courts.

The right to access to the courts includes a prohibition against active interference with an inmate's attempts to prepare and file legal documents. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Teagarden contends his possession of the legal documents was in compliance with departmental policy. (Doc. No. 20 at 3). The Ohio Department of Rehabilitation and Correction maintains policies on inmate personal property and inmates' access to courts. (Doc. No. 20-1; Doc. No. 20-2). Those policies limit the volume of personal property inmates may have, and provides for the secure storage of personal legal documents in excess of the inmate's capacity to store in the inmate's allotted space. (Doc. No. 20-1 at 3; Doc. No. 20-2 at 2). The inquiry in cases alleging an as-applied challenge to prison policies concerns "whether the actions of the prison officials are reasonably related to legitimate penological interests." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 103 (6th Cir. 1991). Teagarden does not make any showing that the Defendants' actions are not reasonably related to legitimate penological interests in regulating the amount of property an inmate may keep in his cell. The mere fact that the Defendants previously enforced these policies against Teagarden does not establish active interference with his attempts to prepare and file legal documents.

Teagarden also contends the Defendants are violating his right to have access to the court system by confiscating and retaining his legal paperwork and legal property, and that this continuing deprivation establishes irreparable harm.  (Doc. No. 20 at 4).  He asserts he "has done all that he can [possibly] do to regain his legal box."  (Doc. No. 20 at 4).  The documents Teagarden submits, however, show this is not true.  Teagarden sent a kite to the warden's office on September 15, 2015, seeking written permission to keep his legal property in his cell.  (Doc. No. 21-1 at 2).  On this kite, there is a hand-written note which states "[t]his must go through the Inspector.  I have no problem as long as it's been verified."  (Doc. No. 21-1 at 2).  Teagarden fails to show he attempted to follow the established facility procedure for obtaining approval to keep the documents in his cell.

As the likelihood-of-success and irreparable-injury factors weigh against granting injunctive relief, I conclude it is not necessary to discuss the third and fourth factors.  *See Mich. State ALF-CIO*, 103 F.3d at 1249.

Teagarden also requests an extension of time to respond to the Defendants' motion to dismiss this case for failure to prosecute, due to the confiscation of his legal documents.  Teagarden's submissions show the facility has established procedures for securing approval to access these documents, and Teagarden offers no reason why he could not quickly gain access to his legal documents once he uses the proper channels.  Therefore, I conclude Teagarden shall have until December 21, 2015, to file his brief in opposition to the Defendants' motion to dismiss.  Further extensions of this deadline will not be granted without good cause shown.

For the reasons stated above, Teagarden's motion for a temporary restraining order and preliminary injunction (Doc. No. 20), is denied, and his motion for an extension of time to respond to the Defendants' motion to dismiss (Doc. No. 21), is granted in part and denied in part.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge