UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Trevor Teagarden,                          Case No. 3:14-cv-00647

        Plaintiff

   v.

                                       ORDER

John Coleman, et al.,

        Defendants

      Plaintiff Trevor Teagarden has filed a motion for the appointment of counsel. (Doc. No. 24 and 27). Teagarden alleges he needs the assistance of an attorney to appropriately conduct discovery related to his claims because he has mental and physical limitations which effectively render him unable to propound and respond to discovery requests. (Doc. No. 24 at 1-2). Defendants John Coleman, Gary Croft, Dr. Eddy, Kristine Edwards, Stuart Hudson, Kevin Jones, Thomas Lin, C.O. Miller, Gary Mohr, C.O. Olivo, Mona Parks, Carlos Perez, CNP Speelman, and Tanya Wright have filed a brief in opposition.[1]

      As the Defendants note, parties are not constitutionally entitled to counsel in civil cases. *Lavado v. Keohane*, 922 F.2d 601, 605 (6th Cir. 1993) (citation omitted). The appointment of counsel only is justified by "exceptional circumstances." *Id.* at 606. Courts make this determination by examining the claims presented in the case, the plaintiff's ability to represent himself, and "the 'complexity of the factual and legal issues involved.'" *Id.* (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)). Teagarden claims the Defendants violated his rights through deliberate indifference to his serious medical needs, use of excessive force, and failure to protect him from a

---

[1] The State of Ohio appeared to protect its interest in the potential outcome of the case, as CNP Speelman, C.O. Olivo, and C.O. Miller, who are former State of Ohio employees, have not been served with a copy of the complaint and have not obtained counsel of their behalf. (Doc. No. 24 at 1 n.1).

serious risk of harm.  In part, Teagarden alleges the ODRC has changed its medical policies, which has had the effect of limiting or eliminating his access to the prescription medications he previously relied on to manage his chronic condition.  He further alleges that on at least one occasion, his condition rendered him "literally incapacitated."  (Doc. No. 1 at 10).  While the Defendants correctly point out Teagarden has not presented any evidence to support his assertion that he has mental impairments that restrict his ability to represent himself, his physical limitations are extensively described in the complaint.

Further, I also find unpersuasive the Defendants' assertion that Teagarden is not entitled to counsel because his "'chances of success' at this stage of this case [are] 'very slim.'"  (Doc. No. 25 at 3).  Teagarden alleges the Defendants' change in policy has caused him serious physical harm by prohibiting him from obtaining prescription medications the Ohio Department of Rehabilitation and Correction previously provided to him.  Teagarden seeks declaratory and injunctive relief to protect his rights under the Eighth and Fourteenth Amendments.  Taken together, these allegations state a colorable claim for relief.  *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) (suits for prospective injunctive relief against state officials named in their official capacities may proceed).  Moreover, the Defendants' motion to dismiss is based on Teagarden's failure to comply with his discovery-related obligations, rather than the merits of his allegations.  (*See* Doc. No. 15).  In part, Teagarden seeks counsel to assist him with properly conducting discovery.  (Doc. No. 24 at 1-2).

Therefore, I conclude the Defendants' motion to dismiss for failure to prosecute, (Doc. No. 15), is denied without prejudice and Teagarden's motion for appointment of counsel, (Doc. No. 24 and 27), are granted.  Pursuant to General Order No. 2007-02 (See N.D. Ohio Local Rule, Appx. J), the Clerk of Court is hereby directed to appoint counsel for the plaintiff.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge